1

2

3

4

5             UNITED STATES DISTRICT COURT

6           EASTERN DISTRICT OF WASHINGTON

7   MARCIA L. ROLLAND,

8                Plaintiff,

     v.

9

10   CAROLYN W. COLVIN, Acting
Commissioner of the Social Security
Administration,

11

               Defendant.

12

NO: 2:15-CV-103-RMP

ORDER GRANTING PLAINTIFF'S
MOTION FOR SUMMARY
JUDGMENT

13      BEFORE THE COURT are Plaintiff Marcia L. Rolland's Motion for

14 Summary Judgment, **ECF No. 12**, and Defendant Carolyn W. Colvin's Motion for

15 Summary Judgment, **ECF No. 14**.  The Court has reviewed the motions and the

16 administrative record and is fully informed.

17                    **BACKGROUND**

18      Marcia L. Rolland protectively filed applications for Supplemental Security

19 Income (SSI) and Disability Insurance Benefits (DIB) on January 27, 2012,

20 alleging disability since April 1, 2010, due to a lack of impulse control, obsessive

21 compulsive disorder (OCD), abuse issues, and recovering from anorexia.  ECF No.

1   8-5 at 2-14, ECF No. 8-6 at 7, Tr. 145-157, 175.  The applications were denied

2   initially and upon reconsideration.  ECF No. 8-4 at 2-8, 11-14, Tr. 105-111, 114-

3   117.  Ms. Rolland requested a hearing on July 11, 2012.  ECF No. 8-4 at 19-20, Tr.

4   122-123.  Administrative Law Judge (ALJ) R.J. Payne held a hearing on October

5   31, 2013, at which Ms. Rolland, represented by counsel, and medical expert,

6   Margaret Moore, Ph.D., testified.  ECF No. 8-2 at 34-67, Tr. 33-66.

7       The ALJ issued an unfavorable decision on November 22, 2013, finding Ms.

8   Rolland was not disabled as defined in the Social Security Act.  ECF No. 8-2 at 14-

9   24, Tr. 13-23.  The ALJ found that Ms. Rolland had not engaged in substantial

10   gainful activity since April 1, 2010, the alleged date of onset.  ECF No. 8-2 at 16,

11   Tr. 15.  Further, the ALJ determined that Ms. Rolland had the following severe

12   impairments:  anxiety disorder and OCD.  *Id*.

13       However, the ALJ found that Ms. Rolland did not have an impairment or

14   combination of impairments that met or medically equaled the severity of one of

15   the listed impairments.  ECF No. 8-2 at 18-19, Tr. 17-18.  The ALJ further found

16   that Ms. Rolland had the residual function capacity (RFC) to perform a full range

17   of work at all exertional levels with the following non-exertional limitations: "she

18   can perform simple to moderately detailed work, with clearly stated goals and only

19   occasional contact with co-workers, supervisors, and the general public."  ECF No.

20   8-2 at 19, Tr. 18.

21

The ALJ identified Ms. Rolland's past relevant work as a count team/pull-tabs/bookkeeper.  ECF No. 8-2 at 22, Tr. 21.  Given Ms. Rolland's age, education, work experience, and RFC, the ALJ found that she was able to perform her past relevant work as a count team/pull-tabs/bookkeeper.  *Id*.  Next, the ALJ found that, in the alternative, that considering Ms. Rolland's age, education, work experience and RFC, and based on the Medical-Vocational Guidelines (grids) under the framework of section 204.00, a finding of "not disabled" was appropriate.  ECF No. 8-2 at 23, Tr. 22.

Thus, the ALJ concluded that Ms. Rolland was not under a disability within the meaning of the Social Security Act at any time from April 1, 2010, through the date of the ALJ's decision.  ECF No. 8-2 at 23, Tr. 22.

Ms. Rolland filed a request for review by the Appeals Council, which was denied on February 23, 2015.  ECF No. 8-2 at 2-8, Tr. 1-7.  Ms. Rolland filed a complaint in the District Court for the Eastern District of Washington on April 15, 2015.  ECF No. 1, 3.  The Commissioner answered the complaint on June 17, 2015.  ECF No. 7.  This matter is therefore properly before the Court pursuant to 42 U.S.C. § 405(g).  Ms. Rolland filed a motion for summary judgment on October 15, 2015.  ECF No. 12.  The Commissioner filed a cross motion for summary judgment on December 3, 2015.  ECF No. 14.

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ~ 3

**STATEMENT OF FACTS**

The facts of the case are set forth in the administrative hearing transcript, the ALJ's decision, and the briefs of the parties. They are only briefly summarized here. Ms. Rolland was 32 years old at the alleged date of onset, April 1, 2010. ECF No. 8-5 at 2, Tr. 145. She completed the twelfth grade in 1996. ECF No. 8-6 at 8, Tr. 176. Ms. Rolland reported she stopped working in November 2011 because of her conditions. ECF No. 8-6 at 7, Tr. 175.

**STANDARD OF REVIEW**

Congress has provided a limited scope of judicial review of a Commissioner's final decision. 42 U.S.C. § 405(g). A reviewing court must uphold the Commissioner's decision, determined by an ALJ, when the decision is supported by substantial evidence and not based on legal error. *See Jones v. Heckler*, 760 F.2d 993, 995 (9th Cir. 1985). Substantial evidence is more than a mere scintilla, but less than a preponderance. *Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n.10 (9th Cir. 1975). Substantial evidence "means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (internal citation omitted).

The reviewing court should uphold "such inferences and conclusions as the [Commissioner] may reasonably draw from the evidence." *Mark v. Celebrezze*, 348 F.2d 289, 293 (9th Cir. 1965). On review, the court considers the record as a whole, not just the evidence supporting the Commissioner's decision. *Weetman v.*

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ~ 4

1    *Sullivan*, 877 F.2d 20, 22 (9th Cir. 1989); *see also Green v. Heckler*, 803 F.2d 528,

2    530 (9th Cir. 1986) ("This court must consider the record as a whole, weighing

3    both the evidence that supports and detracts from the [Commissioner's]

4    conclusion."). "[T]he key question is not whether there is substantial evidence that

5    could support a finding of disability, but whether there is substantial evidence to

6    support the Commissioner's actual finding that claimant is not disabled."

7    *Jamerson v. Chater*, 112 F.3d 1064, 1067 (9th Cir. 1997).

8         It is the role of the trier of fact, not the reviewing court, to resolve conflicts

9    in evidence. *Richardson*, 402 U.S. at 400. If evidence supports more than one

10   rational interpretation, the reviewing court may not substitute its judgment for that

11   of the Commissioner. *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999). Thus,

12   if there is substantial evidence to support the administrative findings, or if there is

13   conflicting evidence that will support a finding of either disability or nondisability,

14   the finding of the Commissioner is conclusive. *Sprague v. Bowen*, 812 F.2d 1226,

15   1229–30 (9th Cir. 1987).

16                          **SEQUENTIAL PROCESS**

17        Under the Social Security Act (the "Act"),

18        an individual shall be considered to be disabled . . . if he is unable to
         engage in any substantial gainful activity by reason of any medically
19        determinable physical or mental impairment which can be expected to
         result in death or which has lasted or can be expected to last for a
20        continuous period of not less than 12 months.

21

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ~ 5

1    42 U.S.C. § 1382c(a)(3)(A).  The Act also provides that a claimant shall be

2    determined to be under a disability only if her impairments are of such severity that

3    the claimant is not only unable to do her previous work but cannot, considering the

4    claimant's age, education, and work experience, engage in any other substantial

5    gainful work which exists in the national economy.  42 U.S.C. § 1382c(a)(3)(B).

6    "Thus, the definition of disability consists of both medical and vocational

7    components."  *Edlund v. Massanari,* 253 F.3d 1152, 1157 (9th Cir. 2001).

8        The Commissioner has established a five-step sequential evaluation process

9    for determining whether a claimant is disabled.  20 C.F.R. §§ 404.1520(a)(4) and

10    416.920(a)(4).  Step one determines if the claimant is engaged in substantial

11    gainful activities.  If the claimant is engaged in substantial gainful activities,

12    benefits are denied.  20 C.F.R. §§ 404.1520(a)(4)(i) and 416.920(a)(4)(i).

13        If the claimant is not engaged in substantial gainful activities, the ALJ, under

14    step two, determines whether the claimant has a medically severe impairment or

15    combination of impairments.  If the claimant does not have a severe impairment or

16    combination of impairments, the disability claim is denied.  20 C.F.R. §§

17    404.1520(a)(4)(ii) and 416.920(a)(4)(ii).

18        If the impairment is severe, the evaluation proceeds to step three, which

19    compares the claimant's impairment to a number of listed impairments

20    acknowledged by the Commissioner to be so severe as to preclude substantial

21    gainful activity.  20 C.F.R. §§ 404.1520(a)(4)(iii) and 416.920(a)(4)(iii); see also

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ~ 6

20 C.F.R. §§ 404, Subpt. P, App. 1 and 416, Subpt. I, App. 1.  If the impairment

meets or equals one of the listed impairments, the claimant is conclusively

presumed to be disabled.  20 C.F.R. §§ 404.1520(a)(4)(iii) and 416.920(a)(4)(iii).

Before proceeding to step four, the claimant's RFC is assessed.  20 C.F.R.

§§ 404.1545(a)(1) and 416.945(a)(1).  An individual's RFC is the ability to do

physical and mental work activities on a sustained basis despite limitations from

any impairments.  20 C.F.R. §§ 404.1545(a)(1) and 416.945(a)(1).

If the impairment is not one conclusively presumed to be disabling, the

evaluation proceeds to step four, where the ALJ determines whether the

impairment prevents the claimant from performing work she has performed in the

past.  If the claimant is able to perform her previous work, the claimant is not

disabled.  20 C.F.R. §§ 404.1520(a)(4)(iv) and 416.920(a)(4)(iv).

If the claimant cannot perform her previous work, the final step considers

whether the claimant is able to perform other work in the national economy in light

of her RFC, age, education, and past work experience.  20 C.F.R. §§

404.1520(a)(4)(v) and 416.920(a)(4)(v).

At step five, the burden shifts to the Commissioner to show that (1) the

claimant can make an adjustment to other work, and (2) specific jobs exist in the

national economy which the claimant can perform.  *Batson v. Comm'r of Soc. Sec.

Admin.*, 359 F.3d 1190, 1193-1194 (2004).

**ISSUES**

Ms. Rolland alleges that the ALJ committed reversible error by (1) improperly weighing medical source opinions, (2) improperly rejecting the testimony of Ms. Rolland's mother, (3) failing to consider all of Ms. Rolland's limitation in the RFC determination, (4) finding Ms. Rolland's past job as a count team/pull-tab/bookkeeper qualified as past relevant work, and (5) applying the grids despite Ms. Rolland's non-exertional limitations.

**I.    Medical Source Opinions**

Plaintiff challenges the weight given to the opinions of Kimberly Cole, Psy.D., Margaret Moore, Ph.D., and Joni Marsh, ARNP.  ECF No. 12 at 4-15.

In weighing medical source opinions, the ALJ should distinguish between three different types of physicians: (1) treating physicians, who actually treat the claimant; (2) examining physicians, who examine but do not treat the claimant; and, (3) nonexamining physicians who neither treat nor examine the claimant. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995).  The ALJ should give more weight to the opinion of a treating physician than to the opinion of an examining physician.  *Orn v. Astrue*, 495 F.3d 625, 631 (9th Cir. 2007).  The ALJ should give more weight to the opinion of an examining physician than to the opinion of a nonexamining physician.  *Id.*

When an examining physician's opinion is not contradicted by another physician, the ALJ may reject the opinion only for "clear and convincing" reasons.

1    *Lester*, 81 F.2d at 830.  When an examining physician's opinion is contradicted by

2    another physician, the ALJ is only required to provide "specific and legitimate

3    reasons" for rejecting the opinion.  *Id*. at 830-831.

4         The specific and legitimate standard can be met by the ALJ setting out a

5    detailed and thorough summary of the facts and conflicting clinical evidence,

6    stating his interpretation thereof, and making findings.  *Magallanes v. Bowen*, 881

7    F.2d 747, 751 (9th Cir. 1989).  The ALJ is required to do more than offer his

8    conclusions, he "must set forth his interpretations and explain why they, rather

9    than the doctors', are correct."  *Embrey v. Bowen*, 849 F.2d 418, 421-422 (9th Cir.

10   1988).

11        **A.    Kimberly Cole, Psy.D.**

12        Dr. Cole completed a psychological evaluation of Ms. Rolland on April 23,

13   2012, that included an interview, a mental status exam, and a review of

14   "psychotherapy and medical notes, a copy of the SSA application and activities of

15   daily living completed by the claimant."  ECF No. 8-7 at 27-32, Tr. 251-256.  Dr.

16   Cole diagnosed Ms. Rolland with major depressive disorder, anorexia nervosa,

17   OCD, generalized anxiety disorder, sexual disorder, pathological gambling

18   disorder, and rule out posttraumatic stress disorder.  ECF No. 8-7 at 31-32, Tr.

19   255-256.  Dr. Cole opined that Ms. Rolland was currently experiencing difficulties

20   maintaining focus and concentration, her social interactions were becoming non-

21   existent, when facing new and stressful situations she felt nervous and

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ~ 9

1   overwhelmed, and she was "able to follow simple and complex instructions in a

2   controlled environment."  ECF No. 8-2 at 32, Tr. 256.

3         The ALJ gave the opinion of Dr. Cole "some weight" stating that (1) Dr.

4   Cole found Ms. Rolland's impairments to be more severe than supported by the

5   record, (2) Dr. Cole's opinion predated treatment, which improved Ms. Rolland's

6   condition, and (3) Dr. Cole relied exclusively on Ms. Rolland's self-reports.  ECF

7   No. 8-2 at 21, Tr. 20.

8         The ALJ's first reason, that Dr. Cole found Ms. Rolland's impairments to be

9   more severe than supported by the record, is not legally sufficient.  Inconsistency

10  with the majority of objective evidence is a specific and legitimate reason for

11  rejecting physician's opinions.  *Batson*, 359 F.3d at 1195.  But here, the ALJ

12  simply asserted that Dr. Cole found Ms. Rolland's impairments to be more severe

13  than supported by the record without a single citation to the record demonstrating

14  such a lack of severity.  ECF No. 8-7 at 21, Tr. 20.  The ALJ failed to do more than

15  offer his conclusions; he failed to explain why his conclusion, rather than that of

16  Dr. Cole, was correct.  *See Embrey*, 849 F.2d at 421-422.  Therefore, this reason is

17  not legally sufficient to support the ALJ's determination giving Dr. Cole's opinion

18  lesser weight.

19        The second reason provided by the ALJ, that Dr. Cole's opinion predated

20  treatment and treatment improved Ms. Rolland's condition, is also not a legally

21  sufficient reason.  The Ninth Circuit has held that reports of improvement in

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ~ 10

1    mental health impairments must be "interpreted with an awareness that improved

2    functioning while being treated and while limiting environmental stressors does

3    not always mean that a claimant can function effectively in a workplace."

4    *Garrison v. Colvin*, 759 F.3d 995, 1017 (9th Cir. 2014).  Here, the ALJ simply

5    asserted that improvement had occurred.  ECF No. 8-7 at 21, Tr. 20; *See Embrey*,

6    849 F.2d at 421-422.  Considering the ALJ provided no discussion or citation to

7    the alleged improvement in the record, the Court is unable to review the

8    determination in accord with *Garrison*.  Therefore, the ALJ's second reason is

9    legally insufficient to justify giving Dr. Cole's opinion lesser weight.

10          The ALJ's third reason, that Dr. Cole relied exclusively on Ms. Rolland's

11   self-report because there were no treatment notes to support her allegations, is not

12   supported by substantial evidence.  A doctor's opinion may be discounted if it

13   relies on a claimant's unreliable self-report.  *Bayliss v. Barnhart*, 427 F.3d 1211,

14   1217 (9th Cir. 2005); *Tommasetti v. Astrue*, 533 F.3d 1035, 1041 (9th Cir. 2008).

15   But the ALJ must provide the basis for his conclusion that the opinion was based

16   on the claimant's self-reports.  *Ghanim v. Colvin*, 763 F.3d 1154, 1162 (9th Cir.

17   2014).

18          The ALJ's assertion that there were no treatment notes to support Ms.

19   Rolland's allegations is not supported by the record.  Dr. Cole's evaluation

20   specifically stated that she reviewed psychotherapy and medical notes.  ECF No. 8-

21   7 at 31, Tr. 255.  The evaluation was performed at the request of the Division of

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ~ 11

1    Disability Determination Services in connection with Plaintiff's application for

2    benefits; therefore, any records supplied to Dr. Cole would have been a part of the

3    record.  ECF No. 8-3 at 5, ECF No. 8-7 at 33, Tr. 70, 257.  The only medical

4    evidence received in the file by the April 23, 2012, evaluation were the records

5    from South Hill Family Medicine, known as Exhibit 1F.  ECF No. 8-3 at 5, Tr. 70.

6    These records included treatment for an eating disorder, depression, and OCD.

7    ECF No. 8-7 at 3, Tr. 227.  Therefore, the ALJ's basis for his conclusion that Dr.

8    Cole's opinion was based on Ms. Rolland's self-reports, i.e. a lack of treatment

9    notes, is not supported by substantial evidence.  Thus, this reason is also not legally

10    sufficient for the ALJ to justify giving Dr. Cole's opinion lesser weight.

11          Considering the treatment of this examining psychologist's opinion and the

12    additional errors made by the ALJ as discussed below, the case is remanded for

13    additional proceedings.  On remand, the ALJ will readdress the opinion of Dr.

14    Cole.

15          **B.    Margaret Moore, Ph.D.**

16          Dr. Moore testified at the October 31, 2013, hearing and opined that Ms.

17    Rolland would have a moderate limitation in number twenty and a mild to

18    moderate limitation in numbers nine and fifteen.  ECF No. 8-2 at 44-45, Tr. 43-44.

19    These numbers refer to a mental medical source statement that the ALJ revised in

20    April 2013 with new definitions.  ECF No. 8-2 at 44, Tr. 43.  This mental medical

21    source statement is nowhere in the record.  The ALJ recreates these limitations in

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ~ 12

1   his decision as "moderately limited in her ability to set realistic goals or make

2   plans independently of others," referring to item twenty, and "mildly to moderately

3   limited in her ability to work in coordination with or proximity to others without

4   being distracted by them and get along with coworkers or peers without distracting

5   them or exhibiting behavioral extremes," referring to items nine and fifteen.  ECF

6   No. 8-2 at 21, Tr. 20.  But, the ALJ's decision fails to state the "new definitions"

7   contained on the mental medical source statement.

8       The ALJ gave Dr. Moore's opinion "significant weight" due to her (1)

9   medical expertise, (2) her familiarity with the Social Security regulations, and (3)

10  the consistency of her testimony with the longitudinal medical history, objective

11  medical findings, and other treating and examining opinions.  ECF No. 8-2 at 21,

12  Tr. 20.  Ms. Rolland challenges the weight the ALJ gave to Dr. Moore's opinion

13  and requests the Court review this portion of the ALJ's determination.  ECF No. 12

14  at 11-15.

15      The Court is unable to review the opinion because the ALJ's "new

16  definitions" are not contained in the record.  Nor does the record contain a

17  narrative RFC opinion from Dr. Moore putting the limitations into functional

18  context.  Therefore, Dr. Moore's opinion of mild to moderate and moderate

19  limitations is ambiguous at best.  As such, the Court cannot determine if Dr.

20  Moore's opinion was consistent with the longitudinal medical history, objective

21  medical findings, and other treating and examining opinions.

1    Upon remand, the ALJ is instructed to readdress Dr. Moore's opinion in

2    light of the fact that the opinion is ambiguous as the record currently stands.

3    **C.    Joni Marsh, ARNP**

4    Ms. Rolland challenges the weight given to Ms. Marsh's opinion in the

5    ALJ's decision.  ECF No. 12 at 10-11.

6    When it comes to opinion evidence, there is a distinction between acceptable

7    medical sources and other sources.  *See* S.S.R. 06-03p.  "Accepted medical

8    sources" include licensed physicians, licensed psychologists, licensed optometrists,

9    licensed podiatrists, and qualified speech-language pathologists.  20 C.F.R. §§

10   404.1513(a), 416.913(a).   "Other sources" include nurse practitioners, physicians'

11   assistants, therapists, teachers, social workers, spouses and other non-medical

12   sources.  20 C.F.R. §§ 404.1513(d), 416.913(d).  While the ALJ is required to

13   consider observations by "other sources" regarding how an impairment affects a

14   claimant's ability to work, *Id.*, the ALJ can disregard opinion evidence from an

15   "other source," by setting forth reasons "that are germane to each witness."

16   *Nguyen v. Chater*, 100 F.3d 1462, 1467 (9th Cir. 1996).  Ms. Marsh is a nurse

17   practitioner, and, therefore, she is not an "accepted medical source," but an "other

18   source."  As such, to reject her opinion the ALJ was only required to provide

19   reasons germane to her as a witness.

20   On September 25, 2013, Ms. Marsh opined that Ms. Rolland was limited to

21   standing one hour at a time, with the ability to stand at least six hours total in an

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ~ 14

eight hour work day; Ms. Rolland would need one to two unscheduled breaks each day for thirty minutes each; Ms. Rolland could frequently lift/carry ten pounds, occasionally lift/carry twenty pounds, and never lift/carry fifty pounds; Ms. Rolland could frequently twist, stoop, crouch, climb stairs, and climb ladders; Ms. Rolland would be off task 25% or more of the time; and Ms. Rolland would miss more than four days per month if employed in full time work due to her impairments or treatment.  ECF No. 8-7 at 156-158, Tr. 380-382.

The ALJ gave Ms. Marsh's opinion "little weight" because (1) she is not an acceptable medical source, (2) she did not treat Ms. Rolland's mental health impairments, (3) she sympathized for Ms. Rolland or she was pressured by Ms. Rolland, and (4) the opinion was without substantial support from the other evidence of record.  ECF No. 8-2 at 21-22, Tr. 20-21.

The ALJ's first reason for rejecting Ms. Marsh's opinion, that she was not an acceptable medical source, is not a sufficient reason.  The ALJ is required to consider evidence supplied by other sources.  20 C.F.R. §§ 404.1513(d), 416.913(d).  Therefore, the fact that someone is an other source alone is not a sufficient reason to reject a lay witness' opinion.

The ALJ's second reason for rejecting Ms. Marsh's opinion, that Ms. Marsh did not treat Ms. Rolland's mental health impairments and, therefore, her opinions regarding Ms. Rolland's mental impairments were disregarded, is a legally sufficient reason.  Ms. Marsh treated Ms. Rolland for her physical impairments and

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ~ 15

1   encouraged her to continue seeking treatment for mental health impairments.  ECF

2   No. 8-7 at 152, Tr. 376.  Therefore, this reason is germane to Ms. Marsh, and a

3   legally sufficient reason to reject her opinion of Ms. Rolland's mental functional

4   limitations, but not her opinion as to Ms. Rolland's physical limitations.

5          The third reason given by the ALJ, that Ms. Marsh's opinion was a result of

6   sympathy for Ms. Rolland or that Ms. Rolland pressured her to complete the form,

7   is not supported by substantial evidence.  The ALJ failed to provide a single

8   citation to the record showing that Ms. Marsh was persuaded to misrepresent Ms.

9   Rolland's functional ability due to sympathies or patient pressure.  ECF No. 8-2 at

10   21, Tr. 20.  The evaluation report associated with the opinion simply states "Needs

11   document completed for lawyer.  Court date for SSI on October 31."  ECF No. 8-7

12   at 150, Tr. 374.  There is no evidence in the record to support the ALJ's assertion

13   that Ms. Marsh's opinion was misrepresented due to her sympathies or pressure

14   from Ms. Rolland.  Therefore, the ALJ's third reason is not supported by

15   substantial evidence.

16          The ALJ's fourth reason for rejecting Ms. Marsh's opinion, that the opinion

17   is without substantial support from the other evidence of record, is not legally

18   sufficient.  It is improper for the ALJ to discredit testimony of an "other source"

19   because it was not supported by medical evidence in the record.  *Bruce v. Astrue*,

20   557 F.3d 1113, 1116 (9th Cir. 2009).  Here, the ALJ notes that Ms. Rolland failed

21   to claim her eye infections as a disabling impairment on application and no

1    examining or treating providers opined that she was unable to work at the light or

2    sedentary exertional levels.  ECF No. 8-2 at 21-22, Tr. 20-21.

3    　　　　By noting these specifics, the ALJ appeared to find that Ms. Marsh's opinion

4    was inconsistent with Ms. Rolland's allegations on application and inconsistent

5    with the other opinions in the record.  An ALJ may discount lay testimony if it

6    conflicts with the medical evidence in the record.  *Lewis v. Apfel*, 236 F.3d 503,

7    511 (9th Cir. 2001); *see also Bayliss v. Barnhart*, 427 F.3d 1211, 1218 (9th Cir.

8    2005); *Vincent v. Heckler*, 739 F.2d 1393, 1395 (9th Cir. 1984).  But these

9    specifics noted by the ALJ are not inconsistent with Ms. Marsh's opinion.

10    　　　　First, Ms. Rolland's alleged impairments on application is irrelevant in

11    relation to Ms. Marsh's opinion.  It may speak to Ms. Rolland's credibility or

12    insight into her own limitations, but it has no merit in assessing the weight given to

13    Ms. Marsh's opinion.  Second, Ms. Marsh's opinion is the only opinion from an

14    examining or treating provider as to Ms. Rolland's physical limitations.  The

15    remaining opinions of examining or treating providers are limited to mental health

16    providers.  Furthermore, Ms. Marsh does not opine that Ms. Rolland is unable to

17    perform work at the light or sedentary exertional levels.  She opines that Ms.

18    Rolland is capable of work at these exertional levels, but that she is unable to

19    sustain the work activity.  ECF No. 8-7 at 156-158, Tr. 380-382.

20    　　　　As such, the ALJ failed to cite a legally sufficient reason supported by

21    substantial evidence to reject Ms. Marsh's opinion as to Ms. Rolland's physical

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ~ 17

1    limitations.  On remand, the ALJ is instructed to readdress the opinion of Ms.

2    Marsh.

3    **II.    Mother's Testimony**

4          Ms. Rolland challenges the ALJ's determination that the testimony of her

5    mother, Patricia Rolland, was entitled to "little weight."  ECF No. 12 at 15-16.

6          Lay witness testimony cannot establish the existence of medically

7    determinable impairments.  C.F.R. 20 C.F.R. § 416.913(d)(a).  But lay witness

8    testimony is "competent evidence" as to "how an impairment affects [a claimant's]

9    ability to work."  *Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050 (9th Cir.

10   2006); 20 C.F.R. § 416.913(d)(4); see also *Dodrill v. Shalala*, 12 F.3d 915, 918-

11   919 (9th Cir. 1993) ("[F]riends and family members in a position to observe a

12   claimant's symptoms and daily activities are competent to testify as to her

13   condition.").  An ALJ must give reasons germane to the witness to discount

14   evidence from the lay witnesses.  *Nguyen v. Chater*, 100 F.3d at 1467.

15         The ALJ rejected Patricia's testimony because (1) she had no medical

16   training, (2) her relationship to Ms. Rolland meant she could not be considered a

17   disinterested third party, and (3) the statement was not consistent with the opinions

18   and observations by medical doctors.  ECF No. 8-2 at 22, Tr. 21.

19         The ALJ's first reason, that Patricia had no medical training, is not a legally

20   sufficient reason.  The ALJ is required to consider evidence supplied by lay

21   witnesses.  20 C.F.R. §§ 404.1513(d), 404.913(d).  Therefore, the fact that

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ~ 18

1  someone is a lay witness alone is not a sufficient reason to reject evidence supplied

2  by a lay witness.

3      The ALJ's second reason, that Patricia's familiar relationship with Ms.

4  Rolland meant that she could not be considered a disinterested third party, is not a

5  legally sufficient reason.  The mere fact that a lay witness has a close relationship

6  with the claimant "cannot be a ground for rejecting his or her testimony."  *Smolen,*

7  80 F.3d at 1289.  "To the contrary, testimony from lay witnesses who see the

8  claimant every day is of particular value."  *Id.*

9      The Commissioner cites *Greger v. Barnhart*, 464 F.3d 968 (9th Cir. 2006),

10  for the proposition that lay testimony may be rejected where the witness and the

11  claimant have a close relationship.  ECF No. 14 at 18.    The Commissioner's

12  reliance on *Greger* is misplaced.  The witness's testimony in *Greger* was rejected

13  *in part* because it was inconsistent with the claimant's presentations to treating

14  physicians.  464 F.3d at 972.  While the ALJ in *Greger* noted the close relationship

15  between the witness and the claimant, the relationship was not the sole reason for

16  rejecting the witness's testimony.  This is in contrast to the witness in *Smolen*

17  whose opinion was dismissed on the sole grand that she was related to the

18  claimant.  80 F.3d at 1289.  Here, the ALJ provided two reasons for rejecting

19  Patricia's opinion in addition to her familiar relationship, but since those two

20  additional reasons have been deemed to be legally insufficient, the ALJ cannot rely

21

1    solely on a familiar relationship to dismiss Patricia's opinion.  Therefore, this is not

2    a legally sufficient reason.

3         The ALJ's third reason for rejecting Patricia's testimony, that it was

4    inconsistent with the medical records, is not a legally sufficient reason.  It is

5    improper for the ALJ to discredit testimony of a lay witness because it was not

6    supported by medical evidence in the record.  *Bruce*, 557 F.3d at 1116.  Therefore,

7    the ALJ failed to support his rejection of Patricia's testimony with legally

8    sufficient reasons.

9         On remand, the ALJ is instructed to readdress the statement made by Patricia

10   Rolland.

11   **III.   RFC**

12        Ms. Rolland challenges the ALJ's RFC determination stating that the ALJ

13   failed to consider all impairments from both severe and non-severe impairments.

14   ECF No. 12 at 17-18.  Ms. Rolland asserts that the ALJ violated S.S.R. 96-8p in

15   failing to consider any limitations resulting from her Interstitial Keratitis, OCD,

16   and fatigue.  ECF No. 12 at 17-18.

17        A claimant's RFC is "the most [a claimant] can still do despite [her]

18   limitations."  20 C.F.R. § 416.945(a); *see also* 20 C.F.R. Part 404, Subpart P,

19   Appendix 2, § 200.00(c) (defining RFC as the "maximum degree to which the

20   individual retains the capacity for sustained performance of the physical-mental

21   requirements of jobs.").  In formulating a RFC, the ALJ weighs medical and other

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ~ 20

source opinions and also considers the claimant's credibility and ability to perform daily activities.  See, e.g., *Bray v. Comm'r, Soc. Sec. Admin.*, 554 F.3d 1219, 1226 (9th Cir. 2009).

Considering the ALJ has been instructed to reconsider the weight provided to the opinions of medical sources and other sources upon remand, the ALJ is further instructed to form a new RFC on remand.  In making his new RFC determination, the ALJ is instructed to follow S.S.R. 96-8p and consider all of Ms. Rolland's limitations.

**IV.    Past Relevant Work**

Ms. Rolland challenges the ALJ's determination that her past work as a count team/pull-tabs/bookkeeper qualifies as past relevant work.  ECF No. 12 at 19-20.

Past relevant work is defined as "work that you have done in the past 15 years, that was substantial gainful activity, and that lasted long enough for you to learn to do it."  20 C.F.R. §§ 404.1560(b)(1), 416.960(b)(1).   The ALJ stated that Ms. Rolland was able to perform this work at "very nearly substantial gainful activity levels."  ECF No. 8-2 at 22, Tr. 21.  Thus, the ALJ acknowledged that the work was not performed at substantial gainful activity levels.  Therefore, under the regulations the work cannot qualify as past relevant work.  The ALJ's step four determination that Ms. Rolland was able to perform past relevant work is in error.

1    The ALJ is instructed to readdress step four upon remand and elicit

2    testimony from Ms. Rolland and a vocational expert to determine past relevant

3    work and to determine if Ms. Rolland has an RFC that is compatible with past

4    relevant work.

5    **V.    Application of the Grids**

6    Ms. Rolland challenges the ALJ's application of the grids in this case.  ECF

7    No. 12 at 16-19.

8    After a claimant has established a prima facie case of disability by

9    demonstrating she cannot return to her former employment, the burden shifts to the

10   ALJ to identify specific jobs existing in substantial numbers in the national

11   economy that claimant can perform despite her identified limitations.  *Hoffman v.*

12   *Heckler*, 785 F.2d 1423, 1425 (9th Cir. 1986).  The ALJ can satisfy this burden by

13   either (1) applying the grids or (2) taking the testimony of a vocational expert.

14   *Burkhart v. Bowen*, 856 F.2d 1335, 1340 (9th Cir. 1988).

15   The grids are an administrative tool the Commissioner may rely on when

16   considering claimants with substantially uniform levels of impairment.  *Burkhart*,

17   856 F.2d at 1340 (citing *Derosiers v. Secretary of Health and Human Serv.*, 846

18   F.2d 573, 578 (9th Cir. 1988).  However, the use of the grids is not always proper.

19   If a claimant has non-exertional limitations that significantly limits her range of

20   work, the use of the grids in determining disability is inappropriate.  *Bates v.*

21   *Sullivan*, 894 F.2d 1059 (9th Cir. 1990) overruled on other grounds *Bunnell v.*

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ~ 22

1   *Sullivan*, 947 F.2d 341, 342 (9th Cir. 1991).  In such instances, a vocational expert

2   must be called to identify jobs that match the abilities of the claimant, given her

3   limitations.  See, e.g., *Magallanes v. Bowen*, 881 F.2d 747, 756 (9th Cir. 1989).

4   Nevertheless, if an ALJ determines that a claimant's non-exertional limitations do

5   not significantly affect her ability to perform a full range of work, then use of the

6   grids is appropriate.  *Tacket*, 180 F.3d at 1101.

7       Here, the ALJ gave Ms. Rolland only non-exertional limitations in the RFC

8   determination: "the claimant has the residual functional capacity to perform a full

9   range of work at all exertional levels but with the following mental non-exertional

10  limitations: she can perform simple to moderately detailed work, with clearly

11  stated goals and only occasional contact with co-workers, supervisors, and the

12  general public."  ECF No. 8-2 at 19, Tr. 18.  As noted above, if non-exertional

13  limitations "significantly" affect a claimant's ability to perform work, then

14  vocational expert testimony is required.  *Bates*, 894 F.2d at 1059.

15      Here, the ALJ found that the non-exertional limitations only "slightly

16  compromised" Ms. Rolland's ability to perform work at all exertional levels.  ECF

17  No. 8-2 at 23, Tr. 22.  Despite this finding, the ALJ only gave non-exertional

18  limitations resulting from two impairments he found as severe.  Therefore, these

19  non-exertional impairments significantly affected Ms. Rolland's ability to perform

20  work and a vocational expert should have been called to testify.  The application of

21  the grids by the ALJ was inappropriate.

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ~ 23

The ALJ is instructed to readdress his step five determination on remand and elicit testimony from a vocational expert.

**REMEDY**

Further proceedings are necessary for the ALJ to evaluate and weigh medical source opinions and other source opinions, to form a new RFC determination, to determine Ms. Rolland's past relevant work, and to complete new step four and step five determinations. The ALJ will also need to supplement the record with any outstanding or additional medical evidence and elicited testimony from a vocational expert.

**CONCLUSION**

Accordingly, **IT IS ORDERED**:

1.    Defendant's Motion for Summary Judgment, **ECF No. 14**, is **DENIED**.

2.    Plaintiff's Motion for Summary Judgment, **ECF No. 12,** is **GRANTED**, and the matter is **REMANDED** to the Commissioner for additional proceedings consistent with this Order.

/ / /

/ / /

/ / /

/ / /

/ / /

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ~ 24

3.    Application for attorney fees may be filed by separate motion.

The District Court Executive is directed to file this Order and provide a copy to counsel for Plaintiff and Defendant.  **Judgment shall be entered for Plaintiff** and the file shall be **CLOSED**.

**DATED** this 25th day of March 2016.


_____*s/ Rosanna Malouf Peterson*_____
ROSANNA MALOUF PETERSON
United States District Judge